IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Criminal Action No. 14-cr-00469-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALVIN ISMAEL PEREZ-RAUDALES,

    Defendant.

## PROTECTIVE ORDER REGARDING SEARCH WARRANT MATERIALS

    THE COURT has received, read, and reviewed the Government's Motion for Protective Order for Search Warrant Materials filed February 2, 2015, concerning the use, custody, and circulation of said materials.

    The Government informs the Court that the underlying investigation involved electronic and wiretap surveillance activities which led to a 16 defendant case being presided over by Judge Arguello in 14-cr-00144-CMA, and the issuance of a search warrant which led to the discovery and arrest of Perez-Raudales. For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, Title 28 U.S.C. ' 1651.

    The Court is familiar with the file in this case and has reviewed the motion. The Government has expressed concerns that the search warrant materials shall not be left in the exclusive custody of a defendant or be published outside of official proceedings in this case. The Government cites concerns for witnesses or other persons that could stem

from the unauthorized publication, duplication, or circulation of these written documents, to include photographs.

Being now sufficiently advised in the premises, the Court finds and concludes that it is in the best interests of justice to grant the Government's motion.

**THEREFORE, IT IS ORDERED** as follows:

The Government's Motion for Protective Order for Search Warrant Materials **(#21)** filed February 2, 2015, is **GRANTED**. Said material furnished to the defense by the Government in this case shall be used only for official purposes related to judicial proceedings in this case, to include any appeal, and for no other purpose.

Further, such material is to remain, at all times, under the custody and physical control of the defense attorney, either personally or through the custody and control of associates or confidential employees or assistants of the attorneys, or under the control of officials in the facility where a defendant is being detained pursuant to order of court.

Because the defendant has been detained before trial pursuant to Title 18 U.S.C. Section 3142, the parties are directed to coordinate with the U.S. Marshal Service to coordinate the reasonable availability, where such arrangements are feasible, of the above described pretrial discovery material by use of read-only facilities under the custody and control of the warden, sheriff, superintendent or official in charge of the facility where the defendant is being detained before trial. Such facilities must not allow a defendant to e-mail, print, or duplicate the material. With the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the Government come to a specific understanding to the contrary, such search warrant material, disclosed to the defense, to include disclosure made through the use of electronic media, shall not be copied, reproduced, published

or publicly circulated by the defense without further order of Court or until such material is used in judicial proceedings at time of trial or in official hearings or proceedings related to this case. At the conclusion of the case, the described search warrant material, and photographs may be returned to the Government or disposed of in a manner that prevents unauthorized disclosure.

DATED this 6th day of February, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge